**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF  
MARK FALK  
UNITED STATES MAGISTRATE JUDGE

USPO & COURTHOUSE  
1 FEDERAL SQ., ROOM 457  
NEWARK, NJ 07101  
(973) 645-3110

October 4, 2017

**LETTER OPINION & ORDER**

TO ALL COUNSEL OF RECORD

> Re: Debjo Sales, LLC d/b/a Book-It Distribution
> v. Houghton Mifflin Harcourt Publishing Co.,
> 14-4657 (JMV) (MF)

Dear Counsel:

Before the Court is Plaintiff's motion to overrule two of the Special Master's discovery rulings and for leave to file a third amended complaint. [ECF No. 96.] The motion is opposed. The Honorable John M. Vazquez, U.S.D.J., has referred the motion to me. After consideration of the papers submitted, Plaintiff's motion for leave to file an amended complaint is **GRANTED**. Plaintiff's motion to overrule Special Master Cavanaugh's rulings is **DENIED**.

The parties are familiar with the facts. Plaintiff's primary business involves entering into contracts with school districts to pick up textbooks ordered by the districts from Defendant and other publishing companies and deliver them. Plaintiff claims that Defendant enacted policy changes—first in January 2014, then a second time in January 2015—for the sole purpose of eliminating Plaintiff as a competitor for the shipment of textbooks. The operative complaint, the Second Amended Complaint, contains three counts: (1) violation of federal antitrust law; (2) intentional interference with contract;

and (3) and tortious interference with prospective economic advantage. Additional details can be located in prior opinions. *See, e.g.*, *Debjo Sales v. Houghton Mifflin*, 2015 WL 1969380 (D.N.J. Apr. 29, 2015).

**Plaintiff's Objections**

The parties' discovery history is contentious and resulted in the appointment of Judge Dennis M. Cavanaugh, U.S.D.J. (ret.) as a Special Master. [ECF No. 95.] Following hearings on September 12 and October 11, 2016, Judge Cavanaugh entered an Order dated November 28, 2016, that, among other things: (1) provided that "the relevant time period for Plaintiff's discovery of Defendant ends on January 1, 2015" ("Ruling One"); and (2) ordered Defendant to respond to Plaintiff's interrogatory number 2 by "identifying by name and title each current employee of Defendant that Defendant believes has knowledge of the reasons for Defendant's implementation of its 2014 shipping policy . . . . ("Ruling Two")."

With respect to Ruling One, Plaintiff claims that Judge Cavanaugh should not have limited the time period for discovery to January 1, 2015, because it precludes discovery into the alleged January 2015 policy change, which it contends is alleged in the Complaint. (Defendant disputes the scope of the pleading, which is discussed below.)

With respect to Ruling Two, Plaintiff contends that Defendant should also be compelled to identify all former employees with knowledge.

In addition to the discovery disputes, Plaintiff has requested leave to file a third amended complaint to "specifically reference the alleged 2015 policy change."

**Decision**

    A.    **The Discovery Disputes**

The primary focus of the discovery dispute is based on the parties' ongoing disagreement as to what is encompassed in the Complaint. Plaintiff contends that the Second Amended Complaint alleges that Defendant enacted two policy changes—one in January 2014, and a second in January 2015. However, Defendant contends that the

Second Amended Complaint only addresses one policy change in January 2014. The parties apparently argued this issue in front of Judge Cavanaugh, who concluded that discovery would be limited to January 1, 2015. Plaintiff contends this is wrong because a prior Judge handing the case, the Honorable Madeline C. Arleo, U.S.D.J., supposedly relied on post-January 2015 emails in denying Defendant's motion to dismiss. Plaintiff claims that Judge Arleo's decision infers that the Complaint states viable claims for both the alleged 2014 and 2015 policy changes. Plaintiff also refers to comments that I made that suggested I would allow discovery beyond January 2015. (*See* Pl's Ex J.)

Plaintiff's objection to Judge Cavanaugh's discovery rulings is **denied**. Neither Judge Arleo nor I ever expressly found that the Complaint alleged a violation involving the 2015 policy, and no motion to amend to clarify this issue had been previously sought. In fact, the pleading is not clear and contains many statements referring only to the 2014 policy. (*See* Def.'s Br. at 32-33 (citing the Second Amended Complaint's repeated references to a 2014 policy)). Judge Cavanaugh's interpretation of the pleading, which repeatedly and expressly refers to a 2014 policy, was plainly reasonable. Likewise for Judge Cavanaugh's conclusion that Defendant need only identify current employees with knowledge. As Defendant explains, it is reasonable to conclude, as Judge Cavanaugh did, that Defendant's inquiry as to which individuals have knowledge be limited to those that Defendant can properly direct the inquiry to, which are those in its employ. The Court agrees with Judge Cavanaugh's conclusion that Defendant should not be required to seek information from former employees no longer within its control.

**B.     Plaintiff's Motion to Amend**

Although contending that the operative pleading already alleges claims that include the 2015 policy change, Plaintiff seeks leave to file a third amended complaint to effectively clean up the pleadings to expressly include the 2015 policy change. The motion does not seek to add any additional counts to the Complaint; rather, the time-frame of the original claims is extended and the second alleged policy is added. (*See*

3

Proposed Third Amended Complaint, attached to the Declaration of Randy Pearce, Esq., as Exhibit A.) Plaintiff claims that there is no undue prejudice or delay and that the amendment is not futile.

Defendant's opposition to the motion to amend is largely comprised of merits-based opposition to the expanded claims. Essentially, Defendant claims that the amendment is futile. Defendant also contends the amendment is delayed because Plaintiff's Second Amended Complaint was filed in May 2015, which could have included the alleged January 2015 policy change. Defendant further contends that the claims will cause prejudice in the form of additional fact discovery and further delay of the case.

Rule 15 provides that once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is to be freely granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The ultimate decision to grant or deny leave to amend is a matter committed to the court's sound discretion. *See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970). The Third Circuit has "made clear that there is to be a liberal use of Rule 15 to amend complaints so as to state additional causes of action." *Leased Optical Dep't, Inc. v. Opti-Center, Inc.*, 120 F.R.D. 476, 479 (D.N.J. 1988) (quotes omitted).

Plaintiff's motion to amend is **granted** for the following reasons.

<u>First</u>, there is insufficient delay or prejudice to deny amendment. In order for there to be undue delay sufficient to deny leave to amend, there must be prejudice. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (district court erred in not permitting amendment 10 years after original complaint when there was no demonstrated prejudice); *see also Marlowe Patent Holdings v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013). Prejudice is generally evaluated by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to

conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the non-moving party from bringing a timely action in another forum. *See, e.g., Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). The Court does not see prejudice in this case.

Despite the age of the case, issue was not joined until Defendant answered the Second Amended Complaint in February 2016, and little discovery had been done as of mid-2016 when the case was referred to the Special Master. Indeed, discovery is still in the early stages, as the parties continue to battle over the Special Master's first discovery order. Also, having to incur some additional cost and expense in responding to additional discovery is not sufficient grounds to deny leave to amend. *See e.g., In re Caterpillar, Inc.*, 67 F. Supp. 3d 663, 668-69 (D.N.J. 2014).

Allowing this amendment will probably eliminate further delay. This is because the scope of the complaint has been an issue of contention for some time, as demonstrated by references in prior court opinions. While it appears that both parties have facially credible positions as to what has been pleaded, it makes consummate sense to clear it up once and for all with one final amendment. The alternative would be to allow Plaintiff to file a second action. However, if done, that would no doubt be subject to consolidation with this case. Ultimately, allowing amendment in this case is more efficient.

<u>Second</u>, the Court is not in a position to conclude that the proposed amendment is futile. The futility analysis on a motion to amend compares to a Rule 12(b)(6) motion. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F.

Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). Although tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims:

> If a proposed amendment is not ***clearly*** futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (emphases added) (citations omitted); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990). Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ." *Marlowe Patent Hold*., 293 F.R.D. at 695.

Here, Judge Arleo refused to dismiss the claims in the Second Amended Complaint. Plaintiff claims that Judge Arleo's refusal to dismiss the claims relating to the 2014 policy effectively means that the 2015 policy claims cannot be futile. In contrast, Defendant claims that the two alleged policies are different, and Judge Arleo's prior decision should not be dispositive of anything involving the alleged 2015 policy. However, the reality is that it is impossible for the Undersigned to conclude, in the context of a motion to amend, that the proposed 2015 policy claims are "frivolous," especially in light of the motion practice that has already occurred. The parties have heavy merits disputes and questions about the applicability of Judge Arleo's decision to the expanded claims. However, that is not the subject of a motion to amend.

*   *   *

Based on the above, Plaintiff's motion to overrule the discovery decisions of Judge Cavanaugh is **DENIED**. Plaintiff's motion to amend is **GRANTED**. The parties may revisit the appropriate period of discovery and other deficiency questions in light of the Third Amended Complaint.

                                                  s/Mark Falk
                                                  **MARK FALK**
                                                  **United States Magistrate Judge**

**Dated: October 4, 2017**